UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> GABRIELLA VARGAS, <br> Defendant. | Case No. 15-cr-00530-BLF-2 <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS** <br><br> [Re: ECF 27] |

Law enforcement officials conducting a state probation search of Defendant Robert Sampson's residence found Sampson and Defendant Gabriella Vargas, both convicted felons, lying on a bed in a room containing methamphetamine, heroin, cocaine, drug paraphernalia, an assault rifle, and two pistols. Compl. David Vargas Affidavit ¶ 6, ECF 1. A grand jury issued a five-count Indictment charging Sampson and Vargas with (1) conspiracy to possess methamphetamine with intent to distribute, (2) possession of methamphetamine with intent to distribute, (3) conspiracy to possess heroin with intent to distribute, (4) possession of heroin with intent to distribute, and (5) felon in possession of a firearm and ammunition. Indictment, ECF 9.

Vargas now seeks a bill of particulars, claiming that she does not have sufficient information to understand the nature of the charges against her. For the reasons discussed on the record at the hearing on April 12, 2016 and set forth below, Vargas's motion for a bill of particulars is GRANTED IN PART AND DENIED IN PART.

### I. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) provides that a defendant may move for a bill of particulars before or within fourteen days after arraignment or at a later time if the court permits.[1]

---

[1] The Court notes that Vargas's motion was filed on March 1, 2016, which was significantly more than fourteen days after her arraignment on November 13, 2015. Vargas did not seek leave of the

Fed. R. Crim. P. 7(f). Whether to grant a motion for a bill of particulars is within the district court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The Ninth Circuit has explained that a bill of particulars serves three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotation marks and citation omitted); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991). "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). The government may add clarity to its theory via discovery, and "full discovery also obviates the need for a bill of particulars." *Giese*, 597 F.2d at 1180. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054.

## II.   DISCUSSION

The Indictment sets forth the five counts against Vargas (recited above), each count containing a specific citation to the relevant criminal statute. Indictment, ECF 9. The Complaint describes in detail the circumstances giving rise to the charges: on the morning of July 31, 2015, members of the Peninsula Regional Violence & Narcotics Team ("PRVNT"), a task force comprised of Monterey Peninsula law enforcement agencies, conducted a state probation search of the residence of Vargas's co-defendant, Sampson. Compl. David Vargas Affidavit ¶¶ 6. PRVNT officers knocked on the front door of Sampson's residence, an apartment in Monterey, California. *Id.* An individual named Frank Gonzalez opened the door, stated that he did not live there, and told the officers that Sampson was in his room sleeping. *Id.* PRVNT officers located Sampson and Vargas lying on a bed in one of the bedrooms. *Id.* During the probation search of the

---

Court to file her motion beyond the time provided by Rule 7(f). However, because the Government does raise a timeliness challenge, the Court addresses the motion on the merits.

residence, officers found the following items in the bedroom occupied by Sampson and Vargas: (1) indicia with Sampson's name and address; (2) women's clothing in the closet and laundry basket; (3) drug paraphernalia; (4) an unloaded SKS assault rifle with 30 round magazine; (5) a loaded 30 round SKS rifle magazine; (6) a loaded Kahr .45 caliber pistol; (7) a loaded European American Armory Rockledge .9mm pistol; (8) inside a blue bank money bag, seventeen pre-packaged baggies containing methamphetamine; and (9) inside the same blue money bag, eight pre-packaged baggies containing heroin. *Id.* Officers also found cocaine, an operational digital scale, and a stack of one-dollar bills totaling $208.00 in a nightstand drawer in the bedroom. *Id.* In addition to the information provided in the Indictment and the Complaint, the Government represents that it has provided Vargas with eighty-four pages of discovery in the form of state and federal law enforcement investigative reports, photographs, criminal history information, and other materials. Pl.'s Opp. at 3, ECF 28.

Vargas contends that the Indictment, Complaint, and discovery materials do not disclose sufficient information regarding the charges against her. She seeks an order requiring the Government to provide a bill of particulars responding to the following questions:

> 1. On what dates does the prosecution intend to prove the defendant entered into any conspiracy alleged in Count 1?
>
> 2. What overt act, if any, does the prosecution intend to prove was committed by the defendant in furtherance of any conspiracy alleged in Count 1?
>
> 3. What is the name, address and telephone numbers of the others alleged to have been members of any conspiracy alleged in Count 1?
>
> 4. Beyond the existence of women's clothes at Mr. Sampson's apartment, does the government intend to prove that the defendant was a resident of that apartment?
>
> 5. What is the first act which the government contends that each member of the alleged conspiracy in Count 1, including the members identified as "others", committed in furtherance of the conspiracy including, but not limited to, the date?
>
> 6. What acts, both criminal and non-criminal, including but not limited to the date, time, place, and identify [sic] of persons committing the act, does the government intend to prove at trial were committed in furtherance of the conspiracy in Count 1?
>
> 10. [sic]  What is each overt act carried out by each member of the conspiracy in Count 1, including the members identified as "others", including, but not limited to, the date, time, place, persons committing the act?

11. With respect to Count 2, does the government intend to prove that the defendant exercised dominion and control over the drugs, or that she aided and abetted another to possess the drugs?

12. With respect to Count 2, if the government intends to proceed on a theory that the defendant aided and abetted another in possessing the drugs, what conduct does the government intend to prove at trial aided and abetted the other?

13. On what dates does the prosecution intend to prove the defendant entered into any conspiracy alleged in Count 3?

14. What overt act, if any, does the prosecution intend to prove was committed by the defendant in furtherance of any conspiracy alleged in Count 3?

15. What is the name, address and telephone numbers of the others alleged to have been members of any conspiracy alleged in Count 3?

16. What is the first act which the government contends that each member of the alleged conspiracy in Count 3, including the members identified as "others", committed in furtherance of the conspiracy including, but not limited to, the date?

17. What acts, both criminal and non-criminal, including but not limited to the date, time, place, and identify [sic] of persons committing the act, does the government intend to prove at trial were committed in furtherance of the conspiracy in Count 1?

18. What is each overt act carried out by each member of the conspiracy in Count 1, including the members identified as "others", including, but not limited to, the date, time, place, persons committing the act?

19. With respect to Count 4, does the government intend to prove that the defendant exercised dominion and control over the drugs, or that she aided and abetted another to possess the drugs?

20. With respect to Count 4, if the government intends to proceed on a theory that the defendant aided and abetted another in possessing the drugs, what conduct does the government intend to prove at trial aided and abetted the other?

21. With respect to Count 5, does the government intend to prove that the defendant exercised dominion and control over the weapons, or that she aided and abetted another to possess the weapons?

22. With respect to Count 5, if the government intends to proceed on a theory that the defendant aided and abetted another in possessing the weapons, what conduct does the government intend to prove at trial aided and abetted the other?

Def.'s Mot. at 1-3, ECF 27.

For the most part, these queries do not seek clarification regarding the Government's theories but rather seek disclosure of evidence the Government will rely upon to prove those theories. In fact, the list of queries is "equivalent to a request for complete discovery of the government's evidence, which is not the purpose of a bill of particulars." *Giese*, 597 F.2d at 1181.

4

For example, with respect to Counts 1 and 3, Vargas is not entitled to identification of unknown co-conspirators, the exact dates on which the conspiracies allegedly began, or a listing of all overt actions in furtherance of the conspiracies. *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) *amended by* 777 F.2d 543 (9th Cir. 1985) (bill of particulars not warranted "(1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity"); *Geise*, 597 F.2d at 1180 ("there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy"); *Manual of Model Criminal Jury Instructions for the Ninth Circuit*, Instruction 9.19 ("in order to establish a violation of 21 U.S.C. § 846, the government is not required to prove commission of overt acts in furtherance of the conspiracy").  Nor is Vargas entitled to disclosure of whether and how the Government intends to prove Vargas's residence at the apartment beyond the presence of women's clothing, as that inquiry seeks a level of evidentiary detail beyond that which a bill of particulars is intended to provide. *See United States v. Kash*, No. 2:13-cr-00330 KJM, 2015 WL 4230092, at *1 (E.D. Cal. July 10, 2015) ("Acquisition of evidentiary detail is not the function of the bill of particulars.") (quotation marks and citation omitted).

However, the Court agrees with Vargas that she is entitled to know whether the Government is proceeding on an aiding and abetting theory with respect to Counts 2, 4, and 5. That issue is raised in queries 11, 19, and 21, above.  The Government disputes Vargas's entitlement to the requested clarification of its theories, pointing out that the Ninth Circuit's Model Criminal Jury Instructions state that "[t]he government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted." *Manual of Model Criminal Jury Instructions for the Ninth Circuit*, Instruction 5.1.  While the cited language regarding the Government's burden of proof at trial provides some support for its position, the instruction makes clear that aiding and abetting is a specific intent crime regardless of whether the underlying offense is a specific intent crime or a general intent crime. *Id.*  Moreover, the comment to the instruction states that "[a]iding and abetting is not a separate and distinct offense from the underlying substantive crime, but is *a different theory* of liability for the same offense." *Manual*

*of Model Criminal Jury Instructions for the Ninth Circuit*, § 5.1, Comment (emphasis added). Disclosure of the Government's *theories* – as opposed to evidence – is one of the primary purposes of a bill of particulars. *See Ryland*, 806 F.2d at 942 . The Court concludes that disclosure of the Government's theories with respect to Counts 2, 4, and 5 is necessary to permit Vargas to prepare a defense. *See Long*, 706 F.2d at 1054 ("A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense."). That necessity does not, however, extend to Vargas's follow-up questions regarding the particular aiding and abetting conduct that the Government may intend to present at trial, as those inquiries seek evidentiary detail beyond identification of the Government's theories.

### III. ORDER

Accordingly, Vargas's motion for a bill of particulars is GRANTED as to her request for clarification whether the Government is proceeding on an aiding and abetting theory with respect to Counts 2, 4, and 5, and otherwise is DENIED. The Government shall provide the bill of particulars on or before April 27, 2016.

Dated: April 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge